**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| IN RE NIKE INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 3:24-cv-01195<br>Consolidated Case No. 3:24-cv-01269-JR<br><br>JOINT MOTION TO STAY ACTION<br><br>Judge: Hon. Adrienne Nelson |

## L.R. 7-1(a) CERTIFICATION

Pursuant to L.R. 7-1(a), all Parties (defined below) in this litigation have conferred and join in this motion.

## MOTION

Pursuant to the following stipulations and points and authorities, the Parties jointly move the court for an order staying the above-captioned consolidated derivative action (the "Derivative Action") under the terms detailed herein.

## STIPULATIONS AND POINTS AND AUTHORITIES

**WHEREAS,** on July 24, 2024 plaintiff Danny Leung ("Leung") filed a shareholder derivative action purportedly on behalf of Nominal Defendant Nike, Inc. ("Nike" or the "Company") in this Court alleging violations of Sections 14(a), 20(a), and 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and corporate waste against defendants Mark G. Parker, John J. Donahoe, II, Matthew Friend, Cathleen Benko, Timothy Cook, Thasunda B. Duckett, Mónica Gil, Alan B. Graf, Jr., Peter B. Henry, Travis A. Knight, Michelle A. Peluso, John W. Rogers, Jr., and Robert Swan (collectively, the "Individual Leung Defendants" and together with Nike, the "Leung

Defendants") and for contribution under Sections 10(b) and 21D of the Exchange Act against defendants Donahoe and Friend, captioned *Leung v. Donahoe, et al.*, Case No. 3:24-cv-01195-AB (the "*Leung* Action");

**WHEREAS**, on August 2, 2024, plaintiff Patrick Ayers ("Ayers" and together with Plaintiff Leung, "Plaintiffs")[1] filed a shareholder derivative action purportedly on behalf of Nike in this Court alleging breach of fiduciary duties and unjust enrichment against Mark G. Parker, John J. Donahoe, II, Cathleen Benko, Timothy Cook, Thasunda B. Duckett, Mónica Gil, Alan B. Graf, Jr., Maria Henry, Peter B. Henry, Travis A. Knight, Michelle A. Peluso, John W. Rogers, Jr., and Robert Swan (collectively, the "Individual Ayers Defendants" and together with Nike, the "Ayers Defendants"),[2] captioned *Ayers v. Parker et al.*, Case No. 3:24-cv-01269-JR (the "*Ayers* Action");

**WHEREAS**, on September 5, 2024, the Parties filed a Joint Motion to Consolidate and Appoint Co-Lead Counsel (ECF No. 6) which consolidated the *Leung* Action and *Ayers* Action and appointed The Brown Law Firm, P.C. and The Weiser Law Firm, P.C. as Co-Lead Counsel representing Plaintiffs in the Derivative Action;

**WHEREAS**, the Court entered the Joint Motion to Consolidate and Appoint Co-Lead Counsel on September 13, 2024 (ECF No. 7);

**WHEREAS**, prior to the filing of the derivative actions, two purported stockholders filed putative securities class action complaints in this Court against Nike, John J. Donahoe, II, and Matthew Friend, for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act

---

1 Plaintiffs and Defendants taken together are referred to herein as the "Parties."

2 The Individual Ayers Defendants and the Individual Leung Defendants taken together are the "Individual Defendants"; and the Ayers Defendants and the Leung Defendants taken together are the "Defendants."

of 1934 and Rule 10b-5 promulgated thereunder, which, on August 8, 2024, were consolidated for all purposes before Judge Adrienne Nelson under the caption captioned *In re Nike, Inc. Securities Litigation*, 3:24-cv-00974-AN (the "Securities Class Action");

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the overlap between the Derivative Action and the Securities Class Action, that the Derivative Action should be temporarily stayed on the terms set forth below unless and until either (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Class Action is denied in whole or in part; or (3) either of the Parties to this Stipulation gives ten (10) days' written notice that they no longer consent to the voluntary stay of the Derivative Actions;

**WHEREFORE**, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

**IT IS ACCORDINGLY STIPULATED AND AGREED**, by and between the Parties through their authorized attorneys, as follows:

1. The Derivative Action shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court.

2. Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions or threatened derivative actions, including, but not limited to, litigation demands.

3. The Parties agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiffs may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

4. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any mediation or settlement talks with the plaintiff in the Securities Class Action. In the event that Defendants' good faith efforts do not result in including Plaintiffs in the mediation with plaintiff in the Securities Class Action, then Defendants agree to mediate in good faith with Plaintiffs in the Derivative Action at or about the same time. The Parties further agree that Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiffs in the Derivative Action and shall include Plaintiffs in any such mediation or settlement talks.

5. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiffs may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

6. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in any related derivative litigation, or pursuant to any shareholder demand for an inspection of books and records on behalf of NIKE, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials.

7. Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion

to dismiss the Securities Class Action in whole or in part; or (3) either of the Parties to this Stipulation has given a ten (10) days' written notice that they no longer consent to the voluntary stay of the Derivative Actions, then the Parties shall meet and confer and file with the Court a proposed schedule within twenty (20) days after the occurrence of any of the events above.

8. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, Defendants agree to meet and confer with Plaintiffs in good faith about appropriate modifications to the terms of this stipulation.

**IT IS SO STIPULATED.**

DATED: October 11, 2024

**BLACK HELTERLINE LLP**

*s/ Michael B. Merchant*
Michael B. Merchant, OSB No. 882680
805 SW Broadway, Suite 1900
Portland, OR 97205-3359
Telephone: (503) 224-5560
Email: mike.merchant@bhlaw.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

**MARKOWITZ HERBOLD PC**

*s/ Kerry J. Shepherd*
Kerry J. Shepherd, OSB #944343
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**STOEL RIVES LLP**

*s/ B. John Casey*
B. John Casey, OSB No. 120025
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Email: john.casey@stoel.com

**GIBSON, DUNN & CRUTCHER LLP**
Brian M. Lutz (*Pro Hac Vice*)
blutz@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8379
Email: blutz@gibsondunn.com

Jessica Valenzuela (*Pro Hac Vice*)
Jeff Lombard (*Pro Hac Vice*)
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: (650) 849-5340
Email: jvalenzuela@gibsondunn.com
Email: jlombard@gibsondunn.com

Email:
KerryShepherd@MarkowitzHerbold.com

*Counsel for Individual Defendants and Nominal Defendant Nike, Inc.*

**THE WEISER LAW FIRM, P.C.**
James M. Ficaro (*admitted Pro Hac Vice*)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Telephone: (610) 225-2677
Email: jficaro@weiserlawfirm.com

*Co-Lead Counsel for Plaintiffs*

PURSUANT TO THE MOTION AND STIPULATION, IT IS SO ORDERED

DATED: __________, 2024

______________________________

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Motion to Stay Action. Pursuant to L.R.11-1(b)(2) regarding signatures, I, Kerry J. Shepherd, attest that concurrence in the filing of this document has been obtained.

DATED: October 11, 2024

*s/ Kerry J. Shepherd*
Kerry J. Shepherd, OSB #944343