**Peter J. Viteznik, OSB No. 944540**
pviteznik@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
2701 NW Vaughn Street, Suite 780
Portland, Oregon 97210
Telephone: (503) 224-0055
Fax: (503) 222-5290

*Counsel for Plaintiff Margaret McLaughlin*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| IN RE NIKE DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 3:24-cv-01195-AN<br>Consolidated Case No. 3:24-cv-01269-AN<br><br>PLAINTIFF MARGARET MCLAUGHLIN'S MOTION TO CONSOLIDATE; VACATE LEADERSHIP ORDER, ECF NO. 7; ENTER SCHEDULING ORDER FOR LEADERSHIP BRIEFING; STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS; REQUEST FOR EXPEDITED HEARING; AND MEMORANDUM OF LAW IN SUPPORT<br><br>Judge: Hon. Adrienne Nelson<br><br>EXPEDITED HEARING REQUESTED |

[Caption continued on following page.]



KILMER, VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

| | |
|---|---|
| MARGARET MCLAUGHLIN, Derivatively on Behalf of NIKE, INC.,<br><br>Plaintiff,<br>v.<br><br>MARK G. PARKER, TIMOTHY D. COOK, MICHELLE A. PELUSO, TRAVIS A. KNIGHT, PETER B. HENRY, THASUNDA B. DUCKETT, ROBERT SWAN, MÓNICA GIL, MARIA HENRY, JOHN J. DONAHOE II, MATTHEW FRIEND, HEIDI L. O'NEILL, MONIQUE MATHESON, ANDREW CAMPION, ALAN B. GRAF, JR., ELIZABETH J. COMSTOCK, CATHLEEN A. BENKO, and JOHN W. ROGERS, JR.,<br><br>Defendants,<br>-and-<br><br>NIKE, INC., an Oregon Corporation,<br><br>Nominal Defendant. | Case No. 3:26-cv-2537-AR |



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

# TABLE OF CONTENTS

MEMORANDUM IN SUPPORT ........ 1

I. INTRODUCTION ........ 1

II. PROCEDURAL HISTORY ........ 4

III. ARGUMENT ........ 6

A. The *McLaughlin* Action Should Be Consolidated ........ 6

B. The Court Should Vacate the Leadership Order so that All Interested Parties Are Afforded the Opportunity to Seek Leadership ........ 7

C. The Court Should Set a Schedule for Leadership Applications ........ 11

D. The Court Should Stay Briefing on Defendants' Motion to Dismiss Pending Resolution of Leadership ........ 11

IV. CONCLUSION ........ 12



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ....................11

*In re Frontier Commc'ns Corp. Derivative Litig.*,
No. 3:17-CV-1792 (VAB), 2018 WL 3553332 (D. Conn. July 23, 2018) ....................9

*In re Globe Life Inc. f/k/a Torchmark Corp. S'holder Derivative Litig.*, 2026 WL 1047968 (E.D. Tex. Apr. 17, 2026) ....................9

*In re Nike, Inc. Sec. Litig.*,
No. 3:24-CV-00974-AN, 2026 WL 892439 (D. Or. Mar. 31, 2026)....................5

*In re Wells Fargo & Co. Hiring Pracs. Derivative Litig.*,
No. 22-CV-05173-TLT, 2023 WL 4536883 (N.D. Cal. July 13, 2023) ....................9

*Jenell v. Donahoe, et al.*,
No. 3:26-cv-01470-AN ....................6

*King v. Narasimhan*,
No. 2:24-CV-01720-JHC, 2026 WL 1476793 (W.D. Wash. May 27, 2026)........3, 4, 9, 12

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)....................11

*Larson v. Dumke*,
900 F.2d 1363 (9th Cir. 1990) ....................7

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ....................11

*Sigman v. NuScale Power Corp.*,
No. 3:23-cv-01689-IM, 2024 WL 727253 (D. Or. Feb. 22, 2024)....................10

*Smith v. Kaye-Smith Enters., Inc.*,
No. 3:22-CV-01499-AR, 2023 WL 11959471 (D. Or. Jan. 6, 2023) ....................7

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
231 F.3d 1215 (9th Cir. 2000) ....................8

**STATUTES, RULES & OTHER AUTHORITIES**

Ct. Ch. R. 23.1(c)(4) ....................7

Fed. R. Civ. P. 23(g) ....................8



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

Fed. R. Civ. P. 23.1 .......... 7

Fed. R. Civ. P. 42(a) .......... 6

*Manual for Complex Litigation* (Fourth) (2004), §10.22 .......... 7



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

## MOTION

Pursuant to Local Rule 7-1(a), counsel for plaintiff Margaret McLaughlin ("McLaughlin") certifies that the parties made a good faith effort, through discussions with counsel, to resolve the disputes that are the subject of this motion and have been unable to do so. Pursuant to Local Rule 7-1(g), counsel further certifies that the parties were consulted regarding McLaughlin's request to expedite, and that Defendants take no position, but the plaintiffs in *In re Nike Inc. Derivative Litigation*, Lead Case No. 3:24-cv-01195-AN (the "Consolidated Action") oppose.

Plaintiff McLaughlin, a shareholder of NIKE, Inc. ("NIKE" or the "Company"), respectfully moves to: (1) consolidate *McLaughlin v. Parker, et al.*, No. 3:26-cv-02537-AR (the "*McLaughlin* Action"), into the Consolidated Action; (2) vacate the appointment of The Brown Law Firm, P.C. ("Brown") and The Weiser Law Firm, P.C. ("Weiser") as Co-Lead Counsel in in the Court's September 13, 2024 Order to Consolidate and Appoint Co-Lead Counsel (ECF No. 7) (the "Leadership Order"), and reopen the selection of lead counsel; (3) set a schedule for the submission of leadership applications; (4) stay briefing on defendants' motion to dismiss (ECF No. 30), until the Court resolves leadership; and (5) request to expedite (the "Motion").[1]

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

McLaughlin respectfully moves this Court for an order ("Order"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, to consolidate the *McLaughlin* Action and Consolidated Action, to allow for the contested and orderly appointment of Lead Plaintiff and Lead Counsel, and stay the briefing on the motion to dismiss in the Consolidated Action.

[1] References to "ECF No." herein are to the Consolidated Action docket.



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

Current Co-Lead Counsel Brown and Weiser, representing plaintiffs Danny Leung and Patrick Ayers (together, "Plaintiffs"), filed hastily drafted complaints that largely cribbed from the complaint in *In re Nike, Inc. Securities Litigation*, No. 3:24-cv-00974-AN (D. Or.) (the "Securities Class Action"). Plaintiffs agreed to stay their cases while also appointing their counsel as co-lead counsel almost immediately after filing their complaints.

The Leadership Order was entered on the parties' stipulation on September 13, 2024, shortly after the first derivative complaints were filed and before any shareholder had obtained internal NIKE documents. ECF No. 7. No competing application was before the Court, and the Court therefore had no occasion to evaluate who was best positioned to lead this case. Within a month, the parties stipulated to stay the action pending the motion to dismiss in the Securities Class Action. ECF No. 16.

In contrast, McLaughlin conducted a thorough analysis of the conduct underlying the allegations in this matter. McLaughlin served a 45-page inspection demand on NIKE under section 60.774 of the Oregon Revise Statutes ("Section 60.774"). When NIKE declined to make an appropriate scope of documents available for inspection, McLaughlin sued to enforce her inspection rights. Following commencement of that action, the parties resolved it by written agreement, under which NIKE produced thousands of pages of internal materials of the Company's Board of Directors (the "Board") relating to the demand, subject to a confidentiality agreement, much of which was not part of the Company's proposal prior to McLaughlin filing her inspection action. *See* Declaration of Stephen J. Oddo in Support of Plaintiff Margaret Mclaughlin's Motion to Consolidate; Vacate Leadership Order, ECF No. 7; Enter Scheduling Order for Leadership Briefing; Stay Briefing on Defendants' Motion to Dismiss; Request for Expedited Hearing ("Oddo Decl.") (filed concurrent herewith), ¶¶8-9.



KILMER, VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

Brown and Weiser has piggybacked on McLaughlin's thorough investigation (as they piggybacked on the Securities Class Action before that). As part of an agreement to stay this action, the Company agreed to provide Plaintiffs the Board documents that McLaughlin's hard work made available. Brown and Weiser then used those documents (poorly) to amend their complaint. Defendants then moved to dismiss this action, arguing that co-lead counsel failed to allege that any director received information contradicting NIKE's public statements.

McLaughlin has filed her own 122-page complaint based on a full review of that production. McLaughlin's complaint addresses the issues defendants raised in their motion to dismiss. It pleads, meeting by meeting, which directors received information contradicting NIKE's public statements, and that the Audit & Finance Committee reviewed and approved the challenged earnings scripts, in some instances one week after receiving that information. It also pleads insider sales by five officers and directors and NIKE's repurchase of its own stock at inflated prices.

The Western District of Washington recently faced a similar situation. Co-Lead Counsel here, Brown, and another firm hastily filed complaints and appointed themselves co-lead counsel via a similar uncontested stipulation in *King v. Narasimhan*, a shareholder derivative action brought on behalf of Starbucks Corporation. No. 2:24-CV-01720-JHC, 2026 WL 1476793, at *1 (W.D. Wash. May 27, 2026).[2] Shareholders moved or joined to vacate the leadership order, some after conducting a more thorough investigation that utilized the company's internal books and records. *Id.* at *2. The court agreed. *Id.* at *3. It recognized that, by filing an uncontested stipulation for co-lead, ***Brown and the other firm did not present why they were best situated to lead that action*** nor did other counsel have a chance to present why they were better situated to

[2] Here, as throughout, all emphasis is added and citations and footnotes are omitted unless otherwise noted.



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

lead. *Id.* The court held that Brown's actions "depriv[ed] the Court of the opportunity to evaluate competing applications for leadership and make a well-considered decision based on all pertinent facts." *Id.* at *4. The court also rejected Brown's argument that it should construe the motion to vacate as a motion for reconsideration under Local Rule 7(h). *Id.*

In *King*, the court set a briefing schedule on who should lead the derivative action, pointing to similar steps other courts have taken in the past. *Id.* at *4. McLaughlin respectfully requests the Court consolidate the *McLaughlin* Action and Consolidated Action, as the Leadership Order contemplates. But with a second, independently investigated complaint now before the Court that is more likely to survive a motion to dismiss, and with briefing already underway on a motion to dismiss on an inferior complaint that will decide whether demand on NIKE's Board is excused, the Court should first decide who should lead the consolidated case and which complaint should be operative. Accordingly, McLaughlin asks the Court to do what courts routinely do in these circumstances: reopen leadership, set a short briefing schedule, and pause motion to dismiss briefing until leadership is resolved.

## II. PROCEDURAL HISTORY

On June 20, 2024, the Securities Class Action was filed in this Court on behalf of purchasers of NIKE stock.

On July 24, 2024, plaintiff Danny Leung filed a derivative complaint on NIKE's behalf, No. 3:24-cv-01195. On August 2, 2024, plaintiff Patrick Ayers filed a related derivative action, No. 3:24-cv-01269. On September 13, 2024, the Court entered the parties' stipulated Leadership Order, which consolidated the two actions and appointed Brown and Weiser as Co-Lead Counsel. ECF No. 7, ¶¶1, 6. The Leadership Order provides that later-filed related derivative actions shall be consolidated into the Consolidated Action. *Id.*, ¶12.



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

On October 15, 2024, the Court approved the parties' stipulated motion to stay this action pending resolution of the motion to dismiss in the Securities Class Action. ECF No. 16. The motion provided that if defendants produced "any documents in any related derivative litigation, or pursuant to any shareholder demand for an inspection of books and records on behalf of NIKE, then copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials." *Id.*, ¶6.

On September 23, 2025, McLaughlin served an inspection demand on NIKE under Section 60.774. Oddo Decl., Ex. B. The parties exchanged correspondence regarding the demand's scope. *Id.*, Ex. D. On January 12, 2026, McLaughlin filed an action to compel inspection in the Circuit Court of the State of Oregon for the County of Washington. *McLaughlin v. NIKE, Inc.*, No. 26CV01362 (Or. Cir. Ct. Wash. Cnty.). Oddo Decl., Ex. E. Following commencement of that action, the parties resolved it by written agreement, under which NIKE produced thousands of pages of internal Board materials to McLaughlin, subject to a confidentiality agreement. The inspection action was thereafter dismissed. *Id.*, Ex. G.

On March 31, 2026, the court in the Securities Class Action granted in part and denied in part the motion to dismiss. *In re Nike, Inc. Sec. Litig.*, No. 3:24-CV-00974-AN, 2026 WL 892439 (D. Or. Mar. 31, 2026). On June 15, 2026, this Court lifted the stay of the Consolidated Action and set a schedule under which a consolidated amended complaint was due August 14, 2026, any motion to dismiss was due sixty days later, any opposition sixty days after that, and any reply forty-five days after the opposition. ECF No. 20.

On August 14, 2026, Plaintiffs filed a consolidated amended complaint, after McLaughlin's inspection demand complaint. ECF Nos. 26, 27. Defendants moved to dismiss on October 13,



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

2026, arguing principally that the complaint fails to plead that demand on NIKE's Board would be futile. ECF No. 30. The opposition is currently due on December 14, 2026.

On November 19, 2026, McLaughlin filed her complaint in this Court. *McLaughlin v. Parker, et al.*, No. 3:26-cv-02537-AR, ECF No. 1. It asserts claims for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, breach of fiduciary duty, waste of corporate assets, and unjust enrichment, arising out of the same alleged misstatements, insider sales, and repurchases at issue in the Consolidated Action.[3]

## III. ARGUMENT

### A. The *McLaughlin* Action Should Be Consolidated

A court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The *McLaughlin* Action and the Consolidated Action are brought on behalf of the same company, against overlapping defendants, and challenge the same alleged misstatements, insider sales, and repurchases. The Leadership Order itself provides for consolidation of such related actions: "all later shareholder derivative actions filed in this Court … that involve substantially similar alleged conduct and questions of law and fact as the Related Derivative Actions, and such shareholder derivative actions shall be consolidated into the Consolidated Action." ECF No. 7, ¶12. McLaughlin therefore asks that the *McLaughlin* Action be consolidated into the Consolidated Action, subject to the relief requested below.

---

[3] A separate derivative action alleging wrongful refusal of a litigation demand is also pending before the Court. *Jenell v. Donahoe, et al.*, No. 3:26-cv-01470-AN (consolidated with No. 3:26-cv-02012-AN). That action proceeds on a distinct theory and is not affected by this Motion.



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

**B. The Court Should Vacate the Leadership Order so that All Interested Parties Are Afforded the Opportunity to Seek Leadership**

The Court should vacate the Leadership Order so that all shareholders and counsel who are so interested may present the Court with arguments why they are the most appropriate parties to lead the prosecution of derivative claims on behalf of NIKE. Rule 23.1 of the Federal Rules of Civil Procedure imposes a continuing obligation on federal courts to ensure that derivative claims are prosecuted by shareholders who fairly and adequately represent the interests of similarly situated shareholders and the corporation itself. *See* Fed. R. Civ. P. 23.1 ("The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association."); *see also Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990) (holding, for purposes of Rule 23.1, "[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class").

As the *Manual for Complex Litigation* (Fourth) (2004) (the "*Manual*") explains, in choosing lead counsel, a court should "conduct an independent review ... to ensure that[,]" among other things, "counsel appointed to leading roles are qualified and responsible [and] that they will fairly and adequately represent all of the parties on their side[.]" *See Manual*, § 10.22. Delaware law agrees. *See* Ct. Ch. R. 23.1(c)(4) ("If a derivative plaintiff or derivative counsel fails to adequately represent the interests of the entity in pursuing the derivative action, then the Court may dismiss the derivative action without prejudice, replace the derivative plaintiff or derivative counsel, or make further orders as warranted."); *see also Smith v. Kaye-Smith Enters., Inc.*, No. 3:22-CV-01499-AR, 2023 WL 11959471, at *2 (D. Or. Jan. 6, 2023) (in designating interim class



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

counsel, weighing counsel's investigatory efforts, experience in handling class actions and complex litigation, and resources committed).

The record presently before the Court demonstrates meaningful distinctions between McLaughlin and her counsel, Robbins LLP, and the currently appointed leadership. McLaughlin undertook the effort and expense of pursuing a books-and-records inspection, filing an inspection demand complaint, obtained thousands of pages of internal corporate documents, analyzed those materials, and filed a derivative complaint informed by that evidence. By contrast, the Court entered the Leadership Order pursuant to an uncontested stipulation and without proposed co-lead counsel making any record related to the factors courts consider in approving lead counsel. Accordingly, the Court had no opportunity to evaluate Weiser and Brown's qualifications or hear from McLaughlin. To determine who would best serve NIKE's interests, the Company and all interested parties would benefit from the Court's evaluation of a complete record that evaluates each counsel's experience, qualifications, and resources as well as the pleadings and work investigating and prosecuting the claims to date. *See* Fed. R. Civ. P. 23(g).[4] The Ninth Circuit has held that an order designating leadership "is not a conclusive, immutable determination" but instead "can be revisited if circumstances warrant," because Rule 23(d) provides that such orders "may be altered or amended as may be desirable from time to time," consistent with the court's "continuing duty to see that a class is adequately represented by counsel." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218–19 (9th Cir. 2000) . An appointment that was never tested against a competing application is a paradigmatic candidate for that reconsideration.

[4] Under Federal Rule of Civil Procedure 23(g), the factors relevant in a court's selection of lead counsel include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

Courts confronted with that circumstance regularly reopen leadership. *King*, 2026 WL 1476793, at *1, was a nearly identical situation to the one here, involving many of the same counsel. *Id.* at *1-2. In particular, Brown and another firm filed hastily drafted complaints without the benefit of the company's internal books and records documents and then quickly stipulated to appointing themselves lead counsel. *Id.* Other shareholders (represented by some of the same counsel as McLaughlin) then moved or joined to vacate the leadership order. *Id.* at *4. After identifying the relevant leadership factors, the Court noted that "courts regularly reject attempts by parties to approach case management, including lead counsel appointments, in a manner that encourages a 'race to the courthouse.'" *Id.* at *3. This race is the ***exact practice Brown engaged in here*** (and in *King*).

Acknowledging that because the leadership order was entered through an uncontested stipulation, which obviated the need for the court to conduct a thorough evaluation of the factors that courts typically consider when appointing lead counsel, the court agreed to vacate the leadership order. *Id.* at *3-4. Citing opinions from across the country, the court noted that "when faced with similar situations, district courts often order further briefing and/or revise, reconsider, or vacate pre-existing leadership orders, rather than permit a previously uncontested leadership appointment to stand in perpetuity." *Id.* at *4 (citing *In re Wells Fargo & Co. Hiring Pracs. Derivative Litig.*, No. 22-CV-05173-TLT, 2023 WL 4536883, at *4 (N.D. Cal. July 13, 2023) ("As current co-lead counsel was designated through stipulation, the Court finds it appropriate to brief on this issue."); *In re Globe Life Inc. f/k/a Torchmark Corp. S'holder Derivative Litig.*, No. 4:24-CV-993, 2026 WL 1047968, at *1, *7 (E.D. Tex. Apr. 17, 2026) (considering leadership "anew" and then vacating portions of a prior order that concerned leadership for the consolidated action); *In re Frontier Commc'ns Corp. Derivative Litig.*, No. 3:17-CV-1792 (VAB), 2018 WL 3553332,



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

at *7 (D. Conn. July 23, 2018) (reviewing further briefing on leadership and then modifying prior order on leadership to add additional counsel)).

This District follows the same approach: when leadership is contested, courts in the District of Oregon do not accept a single uncontested application but independently evaluate competing applications on a full record and select the counsel best suited to represent the shareholders. *See Sigman v. NuScale Power Corp.*, No. 3:23-cv-01689-IM, 2024 WL 727253, at *1 (D. Or. Feb. 22, 2024) (resolving competing leadership applications in a class action on the merits only after ordering the candidates to submit full briefing).

The same considerations apply here. The record in this case now includes thousands of pages of internal Board materials that did not exist in the litigation when the Leadership Order was entered, and the Court has before it two complaints prepared with the benefit of that record. Whether demand on NIKE's Board is excused, the issue defendants' motion presents, will turn on how well the operative pleading connects the directors to the information they received. The Court is well served by evaluating competing leadership applications, and the complaints that accompany them, before it decides that question. Reopening leadership at this stage imposes little cost: no discovery has occurred, and the Court has not ruled on any dispositive motion.

Robbins LLP is well qualified to be considered. The firm has recovered hundreds of millions of dollars for companies in shareholder derivative litigation, including $100 million cash payments to Wells Fargo & Company, a $100 million recovery for Hawaiian Electric Industries, Inc., and a $231.7 million recovery in *B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*, Case No. 1:17-cv-02728 (E.D.N.Y. Apr. 28, 2026). Oddo Decl., ¶3 & Ex. A. Notably, the *Visa* settlement was only achieved after Robbins LLP invested nearly 35,000 hours advancing the case for ten years. *Id.* McLaughlin respectfully requests that the Court follow similar decisions across the



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

nation, allow interested counsel to present their qualifications and pleadings, and select lead counsel on a full record.

### C. The Court Should Set a Schedule for Leadership Applications

To provide the opportunity for interested parties to be heard, McLaughlin respectfully requests the following schedule for leadership briefing:

| **Event** | **Deadline** |
| --- | --- |
| Deadline to file leadership motions, including any proposed operative complaint | Fourteen (14) days after the Court vacates the Leadership Order |
| Responses to briefs to the leadership motions | Fourteen (14) days after the applications are filed |
| Replies briefs in further support of leadership motions | Fourteen (14) days after responses are filed |

### D. The Court Should Stay Briefing on Defendants' Motion to Dismiss Pending Resolution of Leadership

A district court has inherent power to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). Courts weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Each consideration favors a brief stay. No discovery is underway, and a short pause in briefing while leadership is resolved will not prejudice any party. Proceeding, by contrast, would require briefing, and potentially a decision on, demand futility before the Court has determined who will represent NIKE's shareholders and which complaint will be operative. A ruling on demand futility may affect the ability of all NIKE shareholders to pursue these claims. Resolving leadership first, and then setting a schedule for any motion directed at the operative complaint,



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

avoids the risk of briefing and deciding a motion that the leadership ruling may render moot. *See King*, 2026 WL 1476793, at *4 (setting leadership briefing before the case proceeded).

Because the opposition to defendants' motion is currently due December 14, 2026, McLaughlin respectfully requests expedited consideration of this request, or, in the alternative, an interim order suspending the December 14 deadline pending resolution of this Motion.

## IV. CONCLUSION

For the foregoing reasons, McLaughlin respectfully requests that the Court grant the Motion to consolidate the *McLaughlin* Action and Consolidated Action, vacate the appointment of Brown and Weiser as Co-Lead Counsel, enter a briefing schedule so all counsel before the Court may submit leadership motions, and stay the briefings in the motion to dismiss in the Consolidated Action.

Dated: November 20, 2026

KILMER VOORHEES & LAURICK, PC

/s/ *Peter J. Viteznik*

Peter J. Viteznik, OSB No. 944540
2701 NW Vaughn Street, Suite 780
Portland, OR 97210
Telephone: (503) 224-0055
Facsimile: (503) 5290

Brian J. Robbins (*pro hac vice forthcoming*)
Stephen Oddo (*pro hac vice forthcoming*)
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
sodo@robbinsllp.com

*Counsel for Plaintiff Margaret McLaughlin*

1747671

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains approximately 3,512 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I electronically filed the above-titled document with the Clerk of Court using the CM/ECF system which will send notification of such filing to those registered as CM/ECF participants.

KILMER VOORHEES & LAURICK, PC

/s/ *Peter J. Viteznik*
Peter J. Viteznik, OSB No. 944540



KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290